Dear Mr. Champagne:
This office is in receipt of your opinion request regarding whether Louisiana law requires a mandatory test for alcohol of every operator of a motor vehicle involved in a fatal collision. Further, you ask the following:
 1. Does the phrase "on any other impairing substance" include alcohol?
 2. Does La.R.S. 32:666A mandate a test for blood alcohol content?
We are of the opinion that Louisiana law does require mandatory test for alcohol of every operator of a motor vehicle involved in a fatal collision. Moreover, we opine that the phrase "on any other impairing substance" could possibly include alcohol. Lastly, we opine that La.R.S. 32:666A does mandate a test for blood alcohol content. The relative statuary provisions set out below.
La.R.S. 32:666A in pertinent part provides:
 A.(1)(a)(i) When a law enforcement officer has probable cause to believe that a person has violated R.S. 14:98, R.S. 14:98.1, or any other law or ordinance that prohibits operating a vehicle while intoxicated, that person may not refuse to submit to a chemical test if . . . in any case wherein a fatality has occurred or a person has sustained serious bodily injury in a crash involving a motor vehicle. . . .
This statute is reinforced by La.R.S. 32:681 A and D, which provides the following:
 A. The operator of any motor vehicle involved in a collision in which a fatality occurs shall be deemed to have given consent to, and shall be administered, a chemical test or tests of his blood, urine, or other bodily substance for the purpose of determining the presence of any *Page 2 
abused substance or controlled dangerous substance as set forth in La.R.S. 40:964 or any other impairing substance.
 D. Any chemical test or tests of a person's blood, urine, or other bodily substance for the purpose of determining the presence of any abused substance or controlled dangerous substance as set forth in La.R.S.40:964 or any other impairing substance shall be administered in the same manner and subject to the provisions of Part XIV of this chapter.
Therefore, we opine that Louisiana law does require a mandatory test for alcohol of every operator of a motor vehicle involved in a fatal collision. Moreover, while there is no jurisprudence or statutory provisions that specifically define the phrase "impairing substance," we opine that alcohol could be defined as an impairing substance. As such, we are of the opinion that the Louisiana law requires that anyone involved in fatal collision, regardless if probable cause exists or not, will be required to take a mandatory test for alcohol or "any other impairing substance" under the provisions of either La.R.S. 32:666A or La.R.S. 32:981 A and D.
We hope this opinion thoroughly answers your inquiry. If there are any further questions regarding this matter, please do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ TERRI LACY ASSISTANT ATTORNEY GENERAL
 TRL/jp